IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN ANDREWS,

    Plaintiff,

vs.                                       Case No. 4:13cv567-MW/CAS

DEPARTMENT OF CORRECTIONS,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On October 15, 2013, Defendants Crews, Anderson, and Stewart filed a Notice of Removal. Doc. 1. Plaintiff's complaint is filed with the state court record. Doc. 3. The Clerk of Court is hereby required to separate the complaint from the other documents and file it separately on the docket. Defendants have until December 5, 2013, in which to file an answer or other response to Plaintiff's complaint.

The pro se Plaintiff has now filed a motion for class certification and the appointment of counsel. Doc. 9. Plaintiff seeks to "bring this action on his own behalf and on behalf of all similarly situated prisoners' at Hamilton Correctional Institution, who

were subjected to the cruel, unusual and torturous conditions of confinement inflicted upon them . . . ."  Doc. 9 at 1.[1]

Pursuant to 28 U.S.C. § 1654,[2] the general provision permitting parties to proceed pro se, the personal right to litigate one's own case "does not extend to the representation of the interests of others."  Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (holding that a private individual may not bring a *qui tam* suit pro se); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming that an inmate "is not qualified to file an action for the release of his fellow inmates from solitary confinement"); see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that an imprisoned litigant, unassisted by counsel, cannot represent his fellow inmates in a class action).

A prerequisite for class action certification is a finding by the Court that the representative party or parties can "fairly and adequately protect the interest of the class."  FED. R. CIV. P. 23(a)(4).  It is well established, however, that a pro se plaintiff "cannot be an adequate class representative."  Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978), *citing* Oxendine, 509 F.2d at 1407.  "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"  Oxendine, 509 F.2d at 1407, *quoted in* Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir.

---

[1] Plaintiff's complaint challenges a memorandum rule change concerning the times when inmates must wear their Class A uniforms at Hamilton Correctional Institution which Plaintiff contends conflicts with FLA. ADMIN. CODE R. 33-602.101.  *See* doc. 9 at 2.

[2] Section 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

2000); see also <u>Hussein v. Sheraton New York Hotel</u>, 100 F. Supp. 2d 203, 205-06 (S.D.N.Y. 2000); <u>Klocek v. Gateway, Inc.</u>, 104 F. Supp. 2d 1332, 1343-44 (D. Kan. 2000); <u>Bass v. Benton</u>, 408 F.App'x 298, 299, 2011 WL 118246, *1 (11th Cir. 2011) (affirming dismissal of former prisoner's pro se § 1983 complaint on basis that he "may not represent the plaintiffs in a class action suit").  Therefore, because a pro se prisoner cannot adequately represent a class of prisoners, the motion to certify this case as a class action, doc. 9, should be denied.

Notably, Plaintiff also "moves the Court to Appoint Class Counsel, to insure fair and adequate representation of all members of the class."  Doc. 9 at 1.  Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.  <u>Fowler v. Jones</u>, 899 F.2d 1088 (11th Cir. 1990).  At this point in the proceedings, it does not appear that the legal issues of this case are either novel or complex.  As the Court review the merits of this case, and after a determination is made that Plaintiff exhausted administrative remedies, if raised by the Defendant(s), Plaintiff may renew his motion if he desires to do so.  Furthermore, the need for counsel will be independently evaluated and counsel will be sought, if deemed necessary.  The motion should, however, be simultaneously denied with the motion to certify this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' motion to certify this case as a class action, doc. 9, be **DENIED**, and the motion requesting the

appointment of counsel, doc. 9, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 2, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**