IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOHN ANDREWS,

    Plaintiff,

vs.                                      Case No. 4:13cv567-MW/CAS

MICHAEL D. CREWS,
MONROE BARNES,
TONY ANDERSON, and
SCOTT STEWART,

    Defendants.

_____/


## SECOND REPORT AND RECOMMENDATION

On October 15, 2013, Defendants Crews, Anderson, and Stewart filed a Notice of Removal, doc. 1, with the state court record, doc. 3. Plaintiff's motion for class certification and the appointment of counsel, doc. 9, has been denied. Docs. 10, 15. On December 16, 2013, Defendants Crews, Anderson, Stewart, and Barnes filed a motion to dismiss. Doc. 14. The pro se Plaintiff was given an opportunity to file a response in opposition to the motion to dismiss and Plaintiff was advised that "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(C)(1). Doc. 17. Plaintiff has not responded to the motion. Indeed, Plaintiff has not filed any document in this Court since November 2013. Doc. 9.

**Allegations of the Complaint**

Plaintiff's complaint was contained within the state court record, doc. 3, pages 1-11, but the Clerk was directed to separate the pleading from the other documents and file it separately on the docket. The complaint, deemed to be filed by Plaintiff pro se and not as a class action, is document 18.

Plaintiff alleges that the four named Defendants have subjected him "to excessively burdensome and punitive conditions . . . ." Doc. 18 at 1. Defendants are the Secretary of the Department of Corrections Michael Crews, forward warden Monroe Barnes, current warden Tony Anderson, and Colonel Scott Stewart. *Id.* at 2-3. Plaintiff was housed at Hamilton Correctional Institution at the time of the events, and all Defendants except Secretary Crews, were employed at that institution. On August 14, 2012, Defendant Barnes had Defendant Stewart post a memorandum advising of a change in the institutional rules. *Id.* at 3-4. The memorandum required inmates to be dressed in their "Class A uniform" by 6:00 a.m. Monday through Friday until 5:00 p.m., regardless of whether the inmate was at work of in the dormitory. *Id.* Plaintiff contends that the memorandum rule conflicted with FLA. ADMIN. CODE R. 33-602.101 in four ways. *Id.* at 4. First, the Administrative Rule directed inmates to be in Class A uniform beginning at 8:00 a.m., two hours later than the memorandum rule. Second, the Administrative Rule permitted inmates who were "in the dormitory off duty" or during "off duty hours" to be in a Class B uniform. Third, the Administrative Rule permitted inmates the option of wearing a Class C uniform "while in the dormitory off duty." Fourth, the memorandum rule appears to have required inmates to wear Class A uniforms even on weekends and holidays while the Administrative Rule appears to only require such for

visitation. *Id.* at 4-5. Plaintiff asserts the changes were made "to inflict torturous conditions of confinement," "especially during the summer months, when wearing of additional clothing inside the dormitories would cause exceptional duress for general population inmates." *Id.* at 4, n.2, at 6.

Plaintiff alleged that after unsuccessfully challenging the rule change in the grievance process, Plaintiff filed a petition for writ of mandamus in state court. Doc. 18 at 5-6. In response to the Order to Show Cause issued by the Honorable John C. Cooper, the State conceded the rule "was more restrictive tha[n] the rule prescribed by Florida Administrative Code, therefore the 'new rule' was unenforceable and improper." *Id.* at 6. The State requested dismissal of the petition, however, because the rule was allegedly no longer being enforced. *Id.* Plaintiff contends that assertion was fraudulent and claims it was still maintained and enforced. *Id.* The petition, nevertheless, was dismissed as moot on July 5, 2013. *Id.* at 6.

Plaintiff contends the Defendants violated his due process rights because they knew the rule was improper, but did so intending "to cause emotional, physical and psychological discomfort . . . ." Doc. 18 at 7-8. Further, Plaintiff contends the Defendants' actions caused him "undue stress, emotional duress, physical discomfort, and psychological intimidation, physical abuse, mental stress, and general duress." *Id.* at 9. Plaintiff seeks a declaratory judgment, injunctive relief, compensatory damages, and punitive damages. *Id.* at 9-10.

**Motion to Dismiss, doc. 14**

Defendants seeks dismissal on the basis that Plaintiff's complaint fails to state a claim upon which relief may be granted. Doc. 14 at 4-9. Defendants assert their

entitlement to qualified immunity and sovereign immunity, Defendant Crews contends that he is not liable under a theory of respondeat superior or vicarious liability. *Id.* at 10-11. Defendants argue that Plaintiff has not stated a claim under Florida law, *Id.* at 12-13, and note that Plaintiff's request for monetary damages must be dismissed pursuant to 42 U.S.C. § 1997e(a) because Plaintiff has not shown physical injury. Doc. 14 at 14-16.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955.[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993). Dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  *Pro se* complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.  Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

In reviewing a motion to dismiss based on qualified immunity, the Court must accept "the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting [ ] review to the four corners of the complaint." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (citations omitted), *quoted in* Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). The Supreme Court has established a two step analysis for resolving qualified immunity issues. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). First, a court should decide whether the facts that a plaintiff has alleged 'show the [defendant's] conduct violated a constitutional right.' " Saucier, 533 U.S. at 201, *quoted in* Randall v. Scott, 610 F.3d 701, 715 (11th Cir. 2010). "Second, the court must decide 'whether the right was clearly established.' " *Id.;* Scott, 610 F.3d at 715. While Saucier mandated that sequence, the Supreme Court concluded in Pearson v. Callahan, 129 S.Ct. 808, 818 (2009) that the process "should no longer be regarded as mandatory." Judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 129 S.Ct. at 818.

**Analysis**

    a.    **Eighth Amendment claim**

Defendants contend that Plaintiff's allegations concerning the conditions of his confinement do not rise to the level of a constitutional violation. Doc. 14. Defendants argue that Plaintiff's claim concerning the length of time he must wear a Class A uniform is not "sufficiently serious" or extreme such that he can meet the objective component. Doc. 14 at 4-5. Further, Defendants point out that the prison condition about which

Plaintiff complains is not "so grave that it violates contemporary standards of decency" and, thus, the claim is insufficient.  Id. at 6.

The United States Constitution does not require "comfortable prisons" with all the amenities, but it requires that prisons not be "inhumane."  Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003), citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994).  The conditions of prison life and the treatment of prisoners is governed by the Eighth Amendment,[2] which prohibits cruel and unusual punishment.  Farrow, 320 F.3d at 1242-43, citing Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993).  In general, "prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.' "  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004), quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement.  Chandler, 379 F.3d at 1289.  "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment."  Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992), cited in Chandler, 379 F.3d at 1289.

> The challenged condition must be "extreme."  Id., at 9, 112 S.Ct. at 1000.  While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d

---

[2] Although Plaintiff's complaint asserted claims under the First, Fourth, Eighth, and Fourteenth Amendments, a liberal reading of the complaint discloses only the basis for an Eighth Amendment claim.  Defendants also note that Plaintiff's complaint does not demonstrate nor properly allege a claim under the Fourteenth Amendment.  See doc. 14 at 4, n.2.

> 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.,* at 35, 113 S.Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.,* at 36, 113 S.Ct. at 2482.

Chandler, 379 F.3d at 1289. The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue. Hudson, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted); 379 F.3d at 1289. "The proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289., *citing* Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

In this case, Plaintiff has not demonstrated an Eighth Amendment claim. As pointed out by Defendants, Plaintiff does not challenge the fact that inmates must wear the Class A uniform, but only the fact that he must wear it two hours longer. *See* doc. 14 at 5-6. If wearing the uniform is not unconstitutional from 8 - 5, then having to wear it from 6-5 is also not unconstitutional. The two extra hours come in the morning when temperatures will be at the coolest. Wearing the uniform while lounging in the dormitory cannot be found to violate the Eighth Amendment if wearing the uniform while working is not a violation. Certainly an inmate's Class A uniform may not be as comfortable as other permissible alternatives, but common sense would reveal that the correctional officers are equally as uncomfortable in their uniforms. The rule does not impose a

Case No. 4:13cv567-MW/CAS

sufficiently serious condition on Plaintiff, nor is he subjected to an excessive or substantial risk of injury by wearing the uniform two additional hours. Wearing the required attire does not violate "contemporary standards of decency," or constitute the denial of "the minimal civilized measure of life's necessities." <u>Chandler</u>, 379 F.3d at 1289-90; <u>Farrow</u>, 320 F.3d at 1243; <u>Rhodes</u>, 452 U.S. at 347, 101 S.Ct. at 2399. Thus, the motion to dismiss should be granted.

Because the complaint fails to state an Eighth Amendment claim, Defendants other arguments need not be addressed. Plaintiff did not allege the deprivation of a protected liberty or property interest and, thus, there is no Fourteenth Amendment claim for a due process violation either.

Moreover, as there has been no violation of federal constitutional rights, the only jurisdictional basis for this case proceeding in federal court, the Court should decline to exercise its supplemental jurisdiction over the remaining state law claim. Such a decision is entirely within the Court's discretion as specified in 28 U.S.C. § 1367(c)(3).[3] <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging "district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *see also* <u>Lucero v. Trosch</u>, 121 F.3d 591 (11th Cir. 1997); <u>Palmer v. Hosp. Auth. of Randolph County</u>, 22 F.3d 1559 (11th Cir. 1994). In this case, the primary claim was the federal claim. Plaintiff's asserted state law claim,

---

[3] The exercise of supplemental jurisdiction, previously called "pendent jurisdiction," is discretionary. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 728, 86 S.Ct. 1130, 1140, 16 L.Ed.2d 218 (1966) (stating that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

ambiguous[4] as it may be, should be "dismissed without prejudice and left for resolution to state tribunals." Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139.

In sum, Plaintiff has not responded to the motion to dismiss, and has filed only one document in this Court since inception. On November 25, 2013, Plaintiff filed a motion for class certification and appointment of counsel. Doc. 9. Nothing further has been received. Essentially, it appears that Plaintiff has abandoned this litigation. The unopposed motion to dismiss should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 14, be **GRANTED**, and the federal claims in Plaintiff's complaint, doc. 18, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's supplemental state law claim and the Court should decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

**IN CHAMBERS** at Tallahassee, Florida, on April 8, 2014.

     S/ Charles A. Stampelos
     **CHARLES A. STAMPELOS**
     **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

---

[4] As stated in the complaint, Plaintiff's second cause of action was that Defendants "acted with malice, intent, [and] knowledge that their actions would cause discomfort to the Plaintiff(s) emotionally, physically, and psychologically." Doc. 18 at 9, *citing* Rule 1.120(b) of the Florida Rules of Civil Procedure. Defendants respond to that claim as one for the intentional infliction of emotional distress. Doc. 14 at 12. Whether that was Plaintiff's intended claim is not clear. The fact that Plaintiff did not respond to the motion to dismiss provides no clarity to this claim. That is another reason to dismiss this claim and permit Plaintiff to proceed in state court.

Case No. 4:13cv567-MW/CAS

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**